IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CLIFFORD J. SCHUETT,

    Plaintiff,

v.                          Civil Action No. 3:17CV672

MR. ERIC WILSON, et al.,

    Defendants.

**MEMORANDUM OPINION**

Clifford J. Schuett, a federal inmate, submitted this civil action and applied to proceed in forma pauperis. The pertinent statute provides:

> In no event shall a prisoner bring a civil action [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Schuett has at least three actions or appeals that have been dismissed as frivolous or for failure to state a claim. See Schuett v. Governor, State of Haw., Civ. No. 14-00374, 2014 WL 5781409, at *1-2 (D. Haw. Nov. 6, 2014) (denying in forma pauperis status and listing five cases that are strikes under § 1915(g));[1] see also Schuett v. Unknown Party,

---

[1] The United States District Court for the District of Hawaii cited the following five cases that count as strikes:

No. CV-14-01663-JJT (JZB) (D. Ariz. Oct. 22, 2014).[2] The Clerk will be directed to attach Orders from several of those cases to this Memorandum Opinion and Order. Schuett's current complaint does not demonstrate that he is in imminent danger of serious physical harm.

Accordingly, by Memorandum Order entered on October 30, 2017, the Court denied Schuett's request to proceed in forma pauperis is denied and directed him to submit the full $400.00 filing fee within eleven (11) days of the date of entry hereof.

On November 22, 2017, the Court received a letter from Schuett in which he states that he "can prove new injuries, not [chronic] problems." (Letter 1, ECF No. 4.) In his letter, he states that he has a "shoulder injury and right arm injury" from an incident in April 2017 (id. at 2), that he has fallen several times, and that he has had "twenty three (23) cuts or gashes to [his] legs in these falls." (Id. at 3.) Schuett also clearly indicates that he has received medical attention for these

---

Schuett v. Attorney Gen. of Cal., No. 14-6794 (C.D. Cal. Sept. 16, 2014); Schuett v. United States Marshal Serv., No. 2:13-cv-010163 JCM (D. Nev. July 29, 2013); Schuett v. Sheriff, Cnty. Jail of Rochester, New York, Civ. No. 6:95-cv-6216 (W.D.N.Y. May 30, 1995); Schuett v. Sheriff, Cnty. Jail of Rochester, New York, Civ. No. 6:95-cv-6157 (W.D.N.Y. May 30, 1995); Schuett v. BM Fauber, Civ. No. 88-73527 HWG (E.D. Mich. Sept. 13, 1988).

[2] The United States District Court for the District of Arizona cited four of the above-listed cases and one additional case: Schuett v. CEO-CCA-Correctional Corp. of America, No. 2:14-cv-1431-JAD-PAL (D. Nev. Oct. 3, 2014).

injuries. (Id.) Schuett vaguely contends that "every injury has gone beyond imminent danger." (Id. at 6.) Given his past lack of candor and long pattern of abusive litigation, such allegations are insufficient to credibly demonstrate that Schuett is in imminent danger of serious physical harm. See White v. State of Colo., 157 F.3d 1226, 1232 (10th Cir. 1998) (concluding inmate failed to satisfy § 1915(g) where he did not specify "even the general nature of the 'serious physical injury' he asserts is imminent").

More than eleven (11) days have elapsed and Schuett has failed to pay the full $400.00 filing fee. Accordingly, the action will be dismissed without prejudice.

The Clerk is directed to send a copy of this Memorandum Opinion to Schuett.

It is so ORDERED.

/s/ REV
Robert E. Payne
Senior United States District Judge

Date: December 7, 2017
Richmond, Virginia